IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUSTIN GARZA, Individually and on Behalf of Others Similarly Situated<br>Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 5:20-cv-0361 |
| FREEDOM OILFIELD SERVICES, LLC, ROBERT E. MOSLEY, JR., MATTHEW M. EVANS, JAMES D. BARRON, SAMUEL HESTER, and DONALD LEE GLOVER,<br>Defendants. | §<br><br><br><br><br>§ | <br><br><br><br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Freedom Oilfield Services, LLC ("Freedom" or "Defendant") has a business plan that includes improperly calculating the proper overtime pay rate of non-exempt hourly employees, resulting in a significant underpayment of the employees. Freedom's failure to pay the full overtime premium required by law allows it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Justin Garza ("Garza" or "Plaintiff") is one of the workers hired by Freedom as an hourly employee and not paid proper overtime pay, and brings this lawsuit against Freedom on his own behalf and on behalf of his co-workers to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Garza's and His Co-Workers' Claims

1.  Garza worked for Freedom as a pressure control operator from 2016 until February of 2020. Garza's duties included, but were not limited to, general labor, rigging up and

rigging down equipment at oil & gas wells, working on equipment at well sites, and maintaining and pressure washing equipment at Freedom's yard.

2. During the time he worked for Freedom, Plaintiff regularly worked in excess of 40 hours per week.

3. Freedom paid Garza on an hourly basis. When Garza worked in the field, Freedom paid Garza a set, non-discretionary amount of money, called a "job bonus," for each day he worked in the field. Freedom did not factor in the non-discretionary job bonus pay when calculating Garza's overtime pay rate, and thus did not pay Garza the correct overtime premium overtime hours that he worked in the field. Instead, Garza was paid overtime pay based on his lower base hourly rate.

4. Garza worked with numerous other individuals who were paid on an hourly basis with a daily job bonus for working in the field. These individuals also regularly worked over 40 hours per week, and they were also not paid the proper overtime pay rate for weeks in which they worked in the field. Instead, the Defendant also paid these other individuals overtime based on their lower base hourly rate.

**Allegations Regarding FLSA Coverage of Freedom**

5. Freedom is a Louisiana limited liability company that is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Freedom was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Freedom regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, Freedom conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Freedom's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

**Individual Defendants**

10. Robert E. Mosley, Jr. ("Mosley") was at all relevant times an owner, a member and/or a manager of Freedom.

11. Mosley was at all relevant times involved in and had operational control over the day-to-day operations of Freedom.

12. At all relevant times, Mosley had the power to hire and fire Freedom employees.

13. At all relevant times, Mosley was involved in determining wages and other compensation of Freedom employees, and in setting employee compensation policies.

14. Along with the other owners, members and managers of Freedom, Mosley exercised control over the manner in which Garza and his co-workers were paid.

15. Matthew M. Evans ("Evans") was at all relevant times an owner, a member and/or a manager of Freedom.

16. Evans was at all relevant times involved in and had operational control over the day-to-day operations of Freedom.

17. At all relevant times, Evans had the power to hire and fire Freedom employees.

18. At all relevant times, Evans was involved in determining wages and other compensation of Freedom employees, and in setting employee compensation policies.

19. Along with the other owners, members and managers of Freedom, Evans exercised control over the manner in which Garza and his co-workers were paid.

20. James D. Barron ("Barron") was at all relevant times an owner, a member and/or a manager of Freedom.

21. Barron was at all relevant times involved in and had operational control over the day-to-day operations of Freedom.

22. At all relevant times, Barron had the power to hire and fire Freedom employees.

23. At all relevant times, Barron was involved in determining wages and other compensation of Freedom employees, and in setting employee compensation policies.

24. Along with the other owners, members and managers of Freedom, Barron exercised control over the manner in which Garza and his co-workers were paid.

25. Samuel Hester ("Hester") was at all relevant times an owner, a member and/or a manager of Freedom.

26. Hester was at all relevant times involved in and had operational control over the day-to-day operations of Freedom.

27. At all relevant times, Hester had the power to hire and fire Freedom employees.

28. At all relevant times, Hester was involved in determining wages and other compensation of Freedom employees, and in setting employee compensation policies.

29. Along with the other owners, members and managers of Freedom, Hester exercised control over the manner in which Garza and his co-workers were paid.

30. Donald Lee Glover ("Glover") was at all relevant times an owner, a member and/or a manager of Freedom.

31. Glover was at all relevant times involved in and had operational control over the day-to-day operations of Freedom.

32. At all relevant times, Glover had the power to hire and fire Freedom employees.

33. At all relevant times, Glover was involved in determining wages and other compensation of Freedom employees, and in setting employee compensation policies.

34. Along with the other owners, members and managers of Freedom, Glover exercised control over the manner in which Garza and his co-workers were paid.

35. Defendants Mosley, Evans, Barron, Hester, and Glover ("Control Persons") determined that hourly field works such as Garza should be paid a non-discretionary job bonus and that this pay would not be factored into the workers' overtime pay. This decision was made and continued despite Freedom and the Control Persons having been previously sued in an overtime case filed on behalf of other Freedom oilfield workers who were paid a job bonus that should have been factored into the workers' effective hourly rate.

## Plaintiff's Claims

36. Freedom was legally required to pay Garza and his similarly situated hourly co-workers who were paid a daily non-discretionary job bonus ("Members of the Class") overtime pay for all hours that these individuals worked for Freedom in excess of 40 in any workweek.

37. Garza worked over 40 hours in many workweeks that he worked for Freedom.

38. Members of the Class worked over 40 hours in many workweeks that they

5

worked for Freedom.

39. Freedom did not pay Garza the proper overtime rate for any of the overtime hours that he worked in the field for Freedom. Freedom's underpayment of the Plaintiff, often referred to as "wage theft," allowed Freedom to gain an unfair advantage in the marketplace as compared to other oilfield service businesses that pay their employees all of the money required by law.

40. Freedom and the Control Persons knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Garza and Members of the Class. Such practice was and continues to be with regard to the Members of the Class, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

41. Defendants violated the FLSA by failing to pay Garza proper overtime pay for hours worked over 40 per workweek.

41. Garza has suffered damages as a direct result of Defendants' illegal actions.

43. Defendants are liable to Garza for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

44. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, not factoring employees' non-discretionary job bonuses into their pay rate. This generally applicable policy is prohibited by the FLSA. Thus, Garza's experience is typical of the experiences of the Members of the Class.

45. The class of similarly situated Plaintiffs is properly defined as:

> **All hourly field workers who are/were employed by and paid on an hourly basis by Freedom Oilfield Services, LLC and who were paid a daily job bonus for days worked in the field during the three-year period preceding the filing of this Complaint.**

### Defendants, Jurisdiction, and Venue

46. Defendant Freedom Oilfield Services, LLC is a Louisiana limited liability company and an "employer" as defined by the FLSA. Defendant may be served through its registered agent, CT Corporation Systems at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

47. Defendant Robert E. Mosley, Jr. is an individual residing in the state of Louisiana. He may be served with process at 2948 Hwy. 80, Haughton, LA, 71037 or at 325 Remco Drive, Haughton, LA 71037, or wherever he may be found.

48. Defendant Matthew M. Evans is an individual residing in the state of Louisiana. He may be served with process at 6475 Sand Hill Ave., Shreveport, LA 71107, or at 325 Remco Drive, Haughton, LA 71037, or wherever he may be found.

49. Defendant James D. Barron is an individual residing in the state of Louisiana. He may be served with process at 9255 Ellerbe Rd., #9, Shreveport, LA 71106, or at 325 Remco Drive, Haughton, LA 71037, or wherever he may be found.

50. Defendant Samuel Hester is an individual residing in the state of Louisiana. He may be served with process at 10349 Keysburg Ct., Shreveport, LA 71106, or at 325 Remco Drive, Haughton, LA 71037, or wherever he may be found.

51. Defendant Donald Lee Glover is an individual residing in the state of Louisiana. He may be served with process at 1360 Palmetto Rd., Benton, LA 71006, or at 325 Remco Drive, Haughton, LA 71037, or wherever he may be found.

52. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### Demand for Jury

53. Garza demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all hourly field employees of Freedom Oilfield Services, LLC who were paid a non-discretionary job bonus during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018

                                       713-868-3388 Telephone
                                       713-683-9940 Facsimile

                                  **ATTORNEY-IN-CHARGE FOR**
                                  **PLAINTIFF JUSTIN GARZA**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**
**JUSTIN GARZA**